McBRIDE, Judge.
John L. Melson sued Charles F. Stumpf and his liability insurer to recover from them in solido personal injuries, property damage, expenses, and loss of wages, aggregating $7,668.55, arising out of a collision at the intersection of Wisner Boulevard and Harrison Avenue in the City of New Orleans between plaintiff’s motorcycle, which he was operating, and the automobile of Charles F. Stumpf which said defendant was driving.
The petition charges that Stumpf was guilty of negligence in several particulars: in failing to maintain proper control of his vehicle; in not yielding the right of way; in not stopping before entering Wisner Boulevard.
The defendants deny that the collision was caused through negligence on the part of Stumpf, but aver, on the contrary, it resulted from plaintiff’s own negligence; then, in the alternative, the plaintiff is charged with contributory negligence in that he did not keep a lookout; failed to have his motorcycle under control; was speeding in excess of 45 miles an hour; and failed to yield the right of way to Stumpf’s automobile. Stumpf reconvened for the damages to his automobile in the sum of $271.34.
After a trial in the lower court, both the main ánd the reconventional demands were dismissed and'plaintiff has appealed; Stumpf’s reconventional demand is also before us because he has made answer to the appeal praying for the recovery of his damages.
Wisner Boulevard is a wide paved thoroughfare which .runs from the lake to Esplanade Avenue and has two lanes for traffic separated by a neutral ground from four to six feet wide. Harrison Avenue approaches Wisner Boulevard from a right angle, is narrow, has a shelled surface, as it nears the boulevard and ends after intersecting the boulevard. The accident happened on September 9,1952, at approximately 7:25 in the evening, the witnesses say just after dusk.
As naturally would be expected in a case' of this kind, there are two versions, the one being diametrically opposed to the other; plaintiff was his only witness while Stumpf and a lady passenger testified for the defense.
Melson says he was operating the motorcycle at a speed of 25 miles an hour and was proceeding from the lake in the direction toward Esplanade Avenue and that the motorcycle was traveling just a little to the right of center of the lane accommodating traffic movements in that direction. Melson claims that when he was from 150 to 200 feet away from Harrison Avenue he noticed the Stumpf automobile approaching from his right and that at the time it was “forty-two paces” away from the intersection. Plaintiff testified that he knows that this distance is correct for a stop sign has been since erected and that the Stumpf automobile was just about where the stop sign now is, and he has measured the distance by “pacing it off.” According to plaintiff, it appeared to him that the automobile gradually slowed down as it neared Wisner Boulevard, which led him to believe that it would come to a stop to accommodate his passage across the intersection, but instead • of stopping, just as the automobile reached the intersection, Stumpf accelerated his speed and dashed into the path of the motorcycle, which was but 15 feet away, with the result that an accident was unavoidable and the motorcycle struck the automobile on its left at about the front door seriously injuring both vehicles and causing plaintiff to sustain personal injuries.
The story told by Stumpf though entirely different is substantially corroborated by his passenger. He stated that he slowed down before reaching Wisner Boulevard to about 3 miles an hour and that when a car-length from the intersection, he looked to his left before making entry and observed the motorcycle’s light which he estimated to be about 300 feet away. He went on to say that upon his automobile reaching the boule *245 vard, the motorcycle was 150 feet away and he believed he had ample time and opportunity to cross the intersection before the arrival of the motorcycle, and to that end he slightly accelerated his speed and went forward. He states that after just about crossing the lane in which the motorcycle was traveling, he stopped at the far edge of the neutral ground, to permit automobiles coming from his right in the other lane to pass, his intention being to make a left turn, but the neutral ground being narrow caused part of the automobile to protrude into the inbound traffic lane, and the motorcycle ran into the left side of the automobile. Stumpf and his witness both say the automobile had been stopped for a few seconds before the crash came.
Thus, we are confronted with an irreconcilable conflict in the testimony. The trial judge undoubtedly believed what defendant and his witness had to say else he would not have dismissed plaintiff’s suit, but we cannot understand why the judge did not allow recovery on the reconventional demand. We agree that Stumpf’s testimony appears to be the most worthy of belief and that being so the claim in reconvention must be allowed.
It seems to us that if the automobile had been stopped fof a few seconds awaiting the passage of traffic in the other lane, Melson should have seen it and taken proper steps to avoid crashing into it with his motorcycle, and the fact that he ran into the stopped automobile demonstrates his negligence and authorizes the allowance of a recovery to the reconvenor. We believe that the motorcycle was considerably farther than 15 feet away from the intersection when the automobile made its entry therein and could have been brought to a timely stop or have been maneuvered so as to avoid the accident had Melson been vigilant and attentive.
The contention is advanced by plaintiff’s counsel that Stumpf was obligated to bring his automobile to a complete stop before entering the intersection so that the motorcycle could pass him by, but we cannot agree that this duty rested upon Stumpf. There was no traffic sign at the time directing, or any ordinance providing, that traffic traveling on Harrison Avenue should come to a stop. Stumpf approached the intersection at a very slow rate of speed, and seeing the motorcycle to his left about 150 feet away, he accelerated his speed and attempted the crossing, and we cannot say that he was imprudent in his.actions. There was every reason for him to have believed that he could safely negotiate the intersection without being interfered with by the approaching motorcycle.
We need not detail the damage suffered by Stumpf’s automobile as a result of being struck by the motorcycle because there is no dispute as to the amount of such damage.
For the reasons assigned, that part of the judgment appealed from which dismisses the reconventional demand at the cost of plaintiff in reconvention is set aside, annulled and reversed, and it is now ordered that the reconvenor have judgment against plaintiff for the full sum of $271.34, with legal interest from the date of the filing of the answer and all costs; the judgment in all other respects is affirmed.
Reversed in part; affirmed in part.